UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CITY OF ST CLAIR SHORES
POLICE AND FIRE RETIREMENT
SYSTEM,

Plaintiff(s),

v.

MICROSOFT CORPORATION et al.,

Defendant(s).

CASE NO.
2:26–cv–02071–SKV

**ORDER REGARDING INITIAL
DISCLOSURES, JOINT STATUS
REPORT, CASE PROCEDURES, AND
EARLY SETTLEMENT**

## I. CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE

On July 9, 2026, the Court issued a Notice of Assignment to a U.S. Magistrate Judge and Declination of Consent Form notifying the Parties this case has been assigned to United States Magistrate Judge S. Kate Vaughan for all purposes, including trial, final entry of judgment, and direct review by the Ninth Circuit Court of Appeals. *See* Second Amended General Order 02–19. The Parties were advised consent to a Magistrate Judge is voluntary and any party may decline consent and request the case be assigned to a District Judge by signing and returning the Declination of Consent Form to the Court no later than July 16, 2026. The parties were further advised if the Court did not receive the Declination of Consent Form by the deadline, each party will be deemed to have knowingly and voluntarily consented to proceed before Magistrate Judge Vaughan. As no party has declined consent by the deadline, the Court deems the Parties have knowingly and voluntarily consented to proceed before Magistrate Judge Vaughan. If this is incorrect, the parties should immediately contact

ORDER REGARDING INITIAL DISCLOSURES, JOINT STATUS REPORT, CASE PROCEDURES
AND EARLY SETTLEMENT – 1

Courtroom Deputy Stefanie Prather at stefanie_prather@wawd.uscourts.gov and the case will be reassigned to a District Judge.

## II. INITIAL SCHEDULING DATES

The Court sets the following dates for initial disclosure and submission of the Joint Status Report and Discovery Plan:

| | |
|---|---|
| Deadline for Fed. R. Civ. P. 26(f) Conference: | 8/10/2026 |
| Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1): | 8/24/2026 |
| Combined Joint Status Report and Discovery Plan as Required by Fed. R. Civ. P. 26(f) and Local Civil Rule 26(f): | 8/31/2026 |

The deadlines above may be extended only by the Court. Any request for an extension should be made by email to Courtroom Deputy, Stefanie Prather at stefanie_prather@wawd.uscourts.gov. The parties are directed to meet and confer before contacting the Court to request an extension.

If this case involves claims which are exempt from the requirements of Fed. R. Civ. P.26(a) and 26(f), please notify Courtroom Deputy, Stefanie Prather, by email at stefanie_prather@wawd.uscourts.gov.

## III. INDIVIDUALIZED TRIAL PROGRAM

The Court encourages parties to consider agreeing to an Individualized Trial, which involves an abbreviated, efficient and cost−effective litigation and trial alternative. *See* LCR 39.2. An Individualized Trial is a consensual, binding trial before a jury or judge with limited discovery and limited rights to appeal. Recognizing that individualized trial procedures are most efficient when tailored to the specific needs of a case, the parties may propose modifications to the standard procedures, subject to the Court's approval. If the parties agree to participate in the Individualized Trial Program, the Court will set a case management conference to discuss

ORDER REGARDING INITIAL DISCLOSURES, JOINT STATUS REPORT, CASE PROCEDURES AND EARLY SETTLEMENT – 2

the limits on discovery and the need for dispositive motions. Trial will be held no later than six months after the Individualized Trial Agreement is approved by the Court.

## IV. JOINT STATUS REPORT & DISCOVERY PLAN

All counsel and any pro se parties are directed to confer and provide the Court with a combined Joint Status Report and Discovery Plan (the "Report") by August 31, 2026. This conference shall be by direct and personal communication, preferably a face–to–face meeting, but may be by video conference. The Report will be used to determine if a Fed. R. Civ. P. 16 conference would be helpful and to set a schedule for the prompt completion of the case.

The Report must contain the following information by corresponding paragraph numbers:

1. A statement of the nature and complexity of the case.

2. A proposed deadline for the joining of additional parties.

3. A discovery plan that states, by corresponding paragraph letters (A, B, etc.), the parties' views and proposals on all items set forth in Fed. R. Civ. P. 26(f)(3), which includes the following topics:

(A) initial disclosures;

(B) subjects, timing, and potential phasing of discovery;

(C) electronically stored information;

(D) privilege issues;

(E) proposed limitations on discovery; and

(F) the need for any discovery related orders.

4. The parties' views, proposals, and agreements, by corresponding paragraph letters (A, B, etc.), on all items set forth in LCR 26(f)(1), which includes the following topics:

(A) prompt case resolution;

ORDER REGARDING INITIAL DISCLOSURES, JOINT STATUS REPORT, CASE PROCEDURES
AND EARLY SETTLEMENT – 3

(B) alternative dispute resolution;

(C) related cases;

(D) discovery management;

(E) anticipated discovery sought;

(F) phasing motions;

(G) preservation of discoverable information;

(H) privilege issues;

(I) Model Protocol for Discovery of ESI, and;

(J) alternatives to Model Protocol.

5. The date by which discovery can be completed.

6. Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.

7. Whether the pretrial statements and pretrial order called for by LCR 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.

8. Whether the parties intend to utilize the Individualized Trial Program set forth in LCR 39.2 or any ADR options set forth in LCR 39.1.

9. Any other suggestions for shortening or simplifying the case.

10. The date the case will be ready for trial. The Court expects that most civil cases will be ready for trial within a year after filing the Joint Status Report and Discovery Plan.

11. Whether the trial will be jury or non–jury.

12. The number of trial days required.

13. The names, addresses, and telephone numbers of all trial counsel.

14. The dates on which the trial counsel may have complications to be considered in setting a trial date.

ORDER REGARDING INITIAL DISCLOSURES, JOINT STATUS REPORT, CASE PROCEDURES
AND EARLY SETTLEMENT – 4

15.   If, on the due date of the Report, all defendant(s) or respondents(s) have not been served, counsel for the plaintiff shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required Fed. R. Civ. P. 26(f) conference and Fed. R. Civ.P. 26(a) initial disclosures.

16.   Whether any party wishes a pretrial Fed. R. Civ. P. 16 conference with the judge prior to the entry of any order pursuant to Rule 16 or setting of a schedule for this case. If yes, indicate whether a party wishes an in−person or video conference.

17.   List the date(s) that each and every non−governmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and LCR 7.1.

If the parties are unable to agree on any part of the Report, they may answer in separate paragraphs. No separate reports are to be filed. If the parties wish to have a status conference with the Court at any time during the pendency of this action, they should notify Courtroom Deputy, Stefanie Prather, by email at stefanie_prather@wawd.uscourts.gov.

## V. PLAINTIFF'S RESPONSIBILITY

This Order is issued at the outset of the case, and a copy is sent by the clerk to counsel for plaintiff (or plaintiff, if pro se) and any defendants who have appeared. Plaintiff's counsel (or plaintiff, if pro se) is directed to serve copies of this Order on all parties who appear after this Order is filed. Such service shall be accomplished within ten (10) days after each appearance. Plaintiff's counsel (or plaintiff, if pro se), will be responsible for starting the communications needed to comply with this Order.

## VI. PROCEDURAL INFORMATION

The parties and counsel are encouraged to advise the Court of their pronouns and honorifics (such as Ms., Mx., or Mr.,) and may do so in signature lines or by advising the in−court deputy clerk before the hearing begins, either via email or in person.

The Court encourages opportunities for junior attorneys and Rule 9 licensed legal

interns (accompanied and supervised by a more experienced attorney) to appear and argue in Court. Requests for leave for Rule 9 interns to argue in Court will be freely granted, and the Court may permit multiple attorneys to argue for one party if this creates an opportunity for junior attorneys to participate.

Judge Vaughan does not automatically schedule oral argument upon request. The parties will be contacted if, after reviewing the briefing, Judge Vaughan believes oral argument will be helpful in resolving the motion.

All counsel and unrepresented parties should review Judge Vaughan's web page for procedural information applicable to cases before Judge Vaughan. Judge Vaughan's web page, in addition to the Local Rules, Electronic Filing Procedures for Civil and Criminal Cases, court forms, instruction sheets, and General Orders, can be found on the Court's website at www.wawd.uscourts.gov.

## VII. EARLY SETTLEMENT CONSIDERATION AND NOTIFICATION

If settlement is achieved, counsel shall immediately notify Courtroom Deputy, Stefanie Prather at stefanie_prather@wawd.uscourts.gov.

The parties are responsible for complying with the terms of this Order. The court may impose sanctions on any party who fails to comply fully with this Order.

DATED this 20th day of July, 2026.

*s/ S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge

ORDER REGARDING INITIAL DISCLOSURES, JOINT STATUS REPORT, CASE PROCEDURES
AND EARLY SETTLEMENT – 6