The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CITY OF ST. CLAIR SHORES POLICE AND FIRE RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,, *et al.*,<br><br>Defendants. | NO. 26-cv-2071-BJR<br><br>**ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL** |

## I. INTRODUCTION

This securities fraud class action was commenced in June 2026, alleging violations of the federal securities laws on behalf of a putative class consisting of investors in the securities of Microsoft Corporation. Currently pending before the Court is a motion for appointment as lead plaintiff and approval of selection of lead counsel filed by National Pension Service, on behalf of the National Pension Fund ("NPS"), ECF No. 25. Four competing motions were timely filed (ECF Nos. 21, 27, 31, 34) but were subsequently either withdrawn (ECF Nos. 21, 31) or the competing movant filed a notice of non-opposition (ECF Nos. 27, 34), which leaves NPS's motion unopposed.

Having reviewed the materials[1] and the relevant legal authorities, the Court will grant NPS's motion. The reasoning for the Court's decision follows.

## II. BACKGROUND

This is a securities class action brought by Plaintiff, City of St. Clair Shores Police and Fire Retirement System ("St. Clair Shores P&F"), on behalf of all purchasers of Microsoft common stock between May 1, 2025 and January 28, 2026, both dates inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), against Microsoft and certain of the Company's executive officers—Satya Nadella, Microsoft's Chief Executive Officer; Amy E. Hood, Microsoft's Chief Financial Officer and Executive Vice President; Jared Spataro, Microsoft's Chief Marketing Officer, AI at Work; and Rajesh Jha, Microsoft's Executive Vice President, Experiences and Devices. Compl. ¶¶ 1, 7-10, ECF No. 3.

Plaintiff alleges that during the Class Period, the Defendants made false and/or misleading statements in part by failing to disclose that their flagship proprietary artificial intelligence ("AI") offering ranked well below competitors and required significant additional capital expenditures to improve the competitive positioning of its Copilot family of products. As a result of the January 28, 2026 announcement revealing the disappointing results for its fiscal second quarter ended December 31, 2025, the price of Microsoft shares declined 10%, causing Class members to suffer significant losses.

On June 12, 2026, Plaintiff filed this action and issued the PSLRA statutorily required notice to the purported plaintiff class members, informing them of the opportunity to move to be appointed

[1] Including the motion, ECF No. 25; NPS's response in opposition to the competing motions, ECF No. 48; Notices of withdrawal of competing motions, ECF Nos. 45, 49; and notices of non-opposition, ECF Nos.46, 47.

lead plaintiff within 60 days of the notice. ECF No. 10; 15 U.S.C. § 78u-4(a)(3)(A)(i). Five movants timely filed a motion to be appointed as lead plaintiff and for their chosen counsel to be appointed as lead counsel on behalf of the putative class: (1) Zhi Yang, ECF No. 21; (2) NPS, ECF No. 25; (3) Alex D. Biggie, ECF No. 27; (4) Metal Works International Inc., ECF No. 31; and (5) Plaintiff St. Clair Shores P&F together with City of Roseville Police and Fire Retirement System, and Harel Insurance Company, Ltd., Foreign Shares Partnership and Harel Pension and Provident Ltd. (the "Institutional Funds"), ECF No. 34. Under the PSLRA, courts are to adopt a presumption that the applicant with the largest financial interest in the relief sought is the "most adequate plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(iii).

After reviewing the competing movant's financial interest, Zhi Yang filed notice to withdraw his motion, ECF No. 45; Alex D. Biggie filed notice of non-opposition to the competing motions, ECF No. 46; the Institutional Funds also filed notice of non-opposition, ECF No. 47; and Metal Works International Inc. filed notice to withdraw its pending motion, ECF No. 49. NPS indisputably has the "largest financial interest" in the relief sought by the class, reporting a loss of $265,151,063. NPS Mot. ¶ 2.

## III. LEGAL STANDARD

The PSLRA governs the appointment of a lead plaintiff in private class actions brought under the federal securities laws. 15 U.S.C. § 78u-4(a)(3)(B)(i). It establishes a rebuttable presumption that the "most adequate plaintiff" is the person or group of persons that (a) filed the complaint or made a timely motion, (b) has the largest financial interest in the relief sought by the class, and (c) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

In interpreting these requirements, the Ninth Circuit mandates a strict three-step sequential process. *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). First, the court ensures publication of notice; second, the court isolates the movant with the largest financial stake and assesses its preliminary Rule 23 showing; third, the court provides an opportunity for competing class members to rebut the presumption. *Id.* The presumption may be rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff . . . will not fairly and adequately protect the interests of the class; or [ ] is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)–(bb).

## IV. DISCUSSION

The Court has reviewed each step of the three-step inquiry and finds that NPS satisfies all three factors. First, notice was properly published on June 12, 2026, the same day the complaint was filed, and all movants timely filed their motions within 60 days of publication of the notice. Second, there is no dispute that NPS has the largest financial stake in this action, and it has made a prima facie showing that it can satisfy the Federal Rule of Civil Procedure 23 for class representatives. NPS's claims arise from the same course of events as those of the other Class members, it relies on similar legal theories to prove Defendants' liability, and it has retained experienced counsel and is committed to vigorously prosecute this action. As such, NPS is the presumptive most adequate lead plaintiff. Third, there is no opposition by other movants to rebut NPS's presumptive status as the most adequate plaintiff to represent the class as lead plaintiff.

Accordingly, the Court will appoint NPS as lead plaintiff.

The PSLRA instructs the lead plaintiff to "subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(B)(v). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Cohen v. U.S. Dist. Court for N. Dist. of Calif.*, 586 F.3d 703, 712 (9th Cir. 2009). The Court is not aware of any basis to question NPS's selection of Labaton Keller Sucharow LLP to represent itself and the Class as lead counsel, and there is no opposition to the appointment. Accordingly, the Court concludes that Labaton Keller Sucharow LLP is qualified to serve as lead counsel and approves its selection as lead counsel.

## V. CONCLUSION

For the foregoing reasons:

1. The Court GRANTS NPS's motion, ECF No. 25.
2. All other remaining competing motions, to the extent not already formally withdrawn, are DENIED.
3. This Order applies to the above-captioned action and to any later-filed or transferred case involving the same subject matter that is consolidated with this action.
4. A Master File is established for this proceeding. The Master File shall be No. 2:26-cv-02071-BJR. The Clerk shall file all pleadings in the Master File and note such filings on the Master Docket. Every pleading in the Action shall have the following caption:

| | |
|---|---|
| IN RE MICROSOFT CORPORATION<br>SECURITIES LITIGATION | No. 2:26-cv-02071-BJR |

5. Each new case that arises out of the subject matter of the Action shall be consolidated with the Action. This Order shall apply thereto, unless a party objects to consolidation (as provided for herein), or to any provision of this Order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party by filing an application or relief, and this Court deems it appropriate to grant such application. Nothing in the foregoing shall be construed as a waiver of Defendants' right to object to the consolidation of any subsequently-filed or transferred related action.

6. NPS is appointed to serve as Lead Plaintiff in the Action pursuant to 15 U.S.C. § 78u–4(a)(3)(B).

7. NPS's selection of Labaton Keller Sucharow LLP as Lead Counsel for the Class is approved pursuant to 15 U.S.C. § 78u–4(a)(3)(B)(v). Lead Counsel shall have the authority to speak for all Plaintiffs and Class members in all matters regarding the litigation, including, but not limited to, pre-trial proceedings, motion practice, trial, and settlement. Lead Counsel shall make all work assignments in such a manner as to facilitate the orderly and efficient prosecution of this litigation, and to avoid duplicative or unproductive effort. Additionally, Lead Counsel shall have the following responsibilities:

   a. to brief and argue motions;
   b. to initiate and conduct discovery, including, but not limited to, coordination of discovery with Defendants' counsel, and the preparation of written interrogatories, requests for admissions, and requests for production of documents;
   c. to direct and coordinate the examination of witnesses in depositions;
   d. to act as spokesperson at pretrial conferences;
   e. to call and chair meetings of Plaintiffs' counsel as appropriate or necessary from time to time;
   f. to initiate and conduct any settlement negotiations with Defendants' counsel;
   g. to provide general coordination of the activities of Plaintiffs' counsel and to delegate work responsibilities to selected counsel as may be required, in such a manner as to lead to the orderly and efficient prosecution of this litigation and to avoid duplication or unproductive effort;
   h. to consult with and employ experts;
   i. to receive and review periodic time reports of all attorneys on behalf of Plaintiffs, to determine if the time is being spent appropriately and for the benefit of Plaintiffs, and to determine and distribute Plaintiffs' attorneys' fees; and

j. to perform such other duties as may be expressly authorized by further order of this Court.

8. This case shall proceed pursuant to the Court's scheduling order, ECF No. 13. Consistent with the scheduling order, Lead Plaintiff shall file an amended complaint or designate the initial Complaint as the operative complaint within sixty (60) days of this Order.

IT IS SO ORDERED.

DATED this 8th day of September 2026.

Barbara Jacobs Rothstein
United States District Judge